So we'll have the first case for argument, and that is Federal Housing Finance Agency v. Saticoy Bay. You may proceed. Good morning, Chief Justice and Justices. May it please the Court, Roger Groteau on behalf of Saticoy Bay, the appellant, Your Honor. Your Honor, we're here on a case where we're deciding whether or not the series LLC statute under NRS 86, which is also the limited liability statute in the state of Nevada, covers or doesn't cover or create a separate legal entity under the series. Essentially, the district court judge in this matter decided that, without any substantial discovery of any kind, that Saticoy Bay was not properly formed as a limited liability series company. And as such, that finding came from providing evidence via an affidavit from the manager that it was duly formed under the laws of the state of Nevada as a series LLC. But she found that the affidavit did not provide that the formalities were adhered to or at least propounded to be adhered to. I submit that this is and creates a factual question of material fact that would probably need to have been addressed at the trial court level on a factual basis. She also found, under these circumstances, that the statute in Nevada governing limited liability companies and the derivative series did not create a separate legal entity in each of the series. And fundamentally, what we're dealing with is whether or not the entities as series have the right to and the obligation to be sued in the individual series name versus suing the company that's organized and has the articles of coordination filed under the name of Satakoi Bay. Is there any duty specified by the master LLC in terms of defending the interests of the series LLCs? No, sir. There is not. As a matter of fact, the interesting thing about a Nevada rights by statute, and as the courts, I'm sure, are aware, there's only two other, I believe, two other states within the Ninth Circuit even that have the series LLC provisions, if you will, in their corporate law. In this particular case, there are specific powers under NRS 86-296 sets up what essentially are a articles of organization or operating agreement for a single LLC, if you will. Subsection 2 sets up identical language, for the most part, that says that you can operate via series. And the series can be sued in their own, they can sue and be sued in their own name. They make decisions about profit and loss sharing. They make decisions about having different members. Effectively, the way that the statute really is structured is every one of these series can be different and diametrically different than the members of the master LLC. So why should the statute be interpreted to require separate naming as defendants and service on the series LLCs when the question in the case is common to all of them? The question may be, in fact, common to all of them, Your Honor. Which it is here. Which it is here. It is, sir. I don't disagree with you at all. But what's different is the ramifications to the members. The members are different in certain series. The properties are unique in certain series. For example, the case before you, there is one property that's recorded in Satakoi Bay LLC. But you're saying now that they're unique. But I'm asking you, what about a case such as this one where the issue is common? I'm not talking about a case in which this series or some of the series LLCs have different interests and either they're different or maybe even in conflict. This is one in which it's a common issue. There's no conflict among the series and so on. Why should there be separate requirements so that each of them be separately named in this case? Your Honor, I don't think, and here's the problem. I want to answer your question. I want to be clear about this. I'm looking at this and we're looking at this from a legal point of view. If we're making law in terms of whether or not a series has to be sued individually, I think it frankly shouldn't matter if the matter is consistent across the same theory, if you will. I think the real backside of this, the side that relates to whether or not there is an issue is whether or not the parties are the same that are being sued. For example, all the properties are different, obviously. They're all single purpose entities for purposes of asset holding and investment and operations. However, they all, I won't say all, but some have different ownership interests. Some have different profit percentages. Well, no, I understand all of that. I take that as a given. And as far as serving and serving the Sataquai Bail LLC and saying that's service upon all the parties on an issue that is the same, my objection, my umbrage with that is that this law transcends across all of the series LLCs in the state of Nevada. If the court decides that you can sue the master, if you will, and that's effective service and effective notification, and that is deemed to be service against the individual entities, then we have to decide in later cases that this case may decide a precedence for is whether or not you start parsing it out on a fact basis. I think that's where the rubber meets the road, so to speak. Can I ask you about the taxation on these LLCs? Is it a pass-through taxation under some corporate-type tax or other tax in Nevada? Your Honor, I don't want to mislead the court. I don't know exactly, but I believe it's on some sort of consolidated return. And that's an assumption on my part. I don't have the information on the exact taxation issue. Do I understand correctly that the statute in question provides, I think the statute says a list of optional but not mandatory attributes for the series LLC. Is that correct? I think that's a misread, Your Honor. Is that not what the statute says? It's the statute says that if they make the election and they do the following, they may, in other words, the statute provides that they have the power to create series LLCs. But it says optional, not mandatory, though, correct? The statute says providing a list of optional but not mandatory attributes for the series LLC. Isn't that the way the statute reads? I don't think so, Your Honor. The way I read the statute, and I certainly don't need to argue with it, but the way I read the statute. I may be incorrect, that's why I'm asking. I thought that's what it said. What it says is that, for example, a series LLC doesn't have to set up series. Or it can set up one series, it can set up multiple series. The way I read the statute, it's saying may, that they may set up the series. Once they do set up the series, they have all of these powers available to them. They have the powers to operate, they have the powers to contract, they have the powers to sue and be sued in their name. The real issue is, when does a plaintiff, who's not a party to the LLC, get to decide, as a matter of practicality, whether they choose to sue the main or they choose to sue the series? In this particular case, Santa Clara Bay series, blank blank, whatever the property address is, I know it's been before this court. And that's not the question. We've been sued in many instances, and mostly all instances, in the name of the series. In this particular case, what we're allowing to have happen here, is the plaintiff, whoever is going to assert the claim, decide whether they're gonna sue Santa Clara Bay LLC or not. Santa Clara Bay LLC, frankly, may hold no assets, hypothetically. We know in this case, it has an asset, okay? But generally speaking, let's say there's a litigation, Santa Clara Bay LLC is sued. If there's a judgment, Santa Clara Bay LLC, as an entity, may have no assets. The series are all separate legal entities, of which there is a piercing of the veil argument, if you will, normal as any corporation or LLC would have, if corporate formalities weren't adhered to. But if corporate formalities are adhered to, pursuant to the statute, and there was an evidentiary hearing to determine whether corporate formalities had been adhered to, because in this case, there was not, to determine whether or not you'd have to pierce the corporate veil to get to an asset. In this particular case, collectability is an issue. Again, then add to that, if you will, the other aspects of the different parties and so forth. But the problem with the case before the court is, we're leaving it up to a litigant to decide whether or not, as a plaintiff, they intend to sue whoever they choose to sue and deem it appropriate. Arguably, the creator of the LLC has the opportunity, and that's your permissive, Your Honor. The permissive is, do we choose to set up a series LLC? Yes, we did. If we did that, did we treat it with the formalities that is appropriate? Did we title the asset correctly in the series? In this case, the answer is yes. And in this case, the asset that would be available, if you will, or the asset that's being adjudged is in a separate LLC that requires, under normal corporate law, normal LLC law, to have a piercing of the corporate bill to be able to sue a master and then get through to the series LLC that's deemed to be a separate entity. So let me just stop you there and make sure I understand, because we generally start with the proposition that the plaintiff controls the parties in the lawsuit, the location of the lawsuit, et cetera, subject to various procedural rules. It may be the plaintiff is out of luck at the end of the day for suing the wrong party or a party against whom you can't collect the judgment. So why is the decision made at this phase under the statute whether you must sue these others? I mean, isn't that sort of an end of the day question? Maybe they sue in the end and can't collect anything because there's no assets. And then you get into all the issues you're talking about, about, well, we're gonna pierce the corporate bail. We sued the master, but here's all of our reasons why we think we didn't have to do anything else. Fair question, Your Honor. The real problem with the case is that the district court judge basically determined that the entities were available, and I hate to use that terminology, but were suable in the format of suing Satequoia Bay LLC and not naming the individual series. We provided notice in our answer. We provided notice in our 15th amended affirmative defense. We provided notice in our certificate of interested parties of the deficiency in the complaint. It was never corrected. And of the cases that we've reviewed, most of the times when the series LLC has been disregarded in the sense that it was added as a party late in the action, post-judgment in an effort to try and collect. And that's the nature of the problem before the court. We shouldn't allow a litigant to decide who he sues, but if he does sue the wrong party, he can't get a judgment against the series or the individual series, if you will. In this particular case, the court has given him a judgment or given FHFA a judgment against all of the series in this manner. And yet, theoretically, if we take this to its logical conclusion, the series individually were not represented. So I think we have your argument in mind, but I know you probably want to reserve some time for rebuttal. I do, I apologize, thank you. No, no apology, I'm just trying to give you some time. Good morning. Good morning, thank you, your honors. And may it please the court, my name is Michael Johnson. The basic question in this appeal really is simple. Does Nevada's series LLC statute require plaintiffs to sue a series in its own name? The answer is equally simple. No, the statute permits it, but does not require it. Is there anything in the statute that imposes upon the master LLC the obligation to defend the interests of the series LLCs? Not in so many words, your honor, but I think if we want to look at the statute, the closest term to what your honor has asked about is the one requiring that the master and the series share an agent for purposes of service. Now, can you point me to that language? I want to make sure we're on the same page. I can, bear with me for a moment. It is in 86, 86-236. My friend, Mr. Couture. And what does it say? That says that the registered agent of the master is deemed the registered agent of each series that the master creates. Now, is that agent for purposes of service of process? Yes, your honor. That's far short of has the obligation to defend the interests of. I mean, agents of service of process, I mean, all that means is that I accept service and I notify that there's this lawsuit. I agree, your honor. I said that was the closest analogy, and I think it is. Well, it's not very close. Well, your honor, I think we want to look at the entire text, history, and structure of Nevada's LLC statute to really get at the question that my friend, Mr. Couture, asked the court, which is, are series separate and distinct legal entities from the master, their creator? The blanket structure and history of the statute all confirm that Mr. Couture is mistaken. There's nothing in the statute unlike Nevada's other business entity statutes, unlike other states' series LLC statutes, and unlike the Model Protected Series Act, there's nothing in Nevada's series LLC statute stating that series are legally separate, distinct, independent, or otherwise separated from the master LLC. Nor is there anything that says the opposite either, right? Well, I think there are many things that very strongly support the opposite inference, your honor, and let's start by looking at the Nevada statutes governing LLCs and their series. You know, Nevada's general LLC statute, that's the one under which the master LLC is created, that's 86-281, it similarly empowers each LLC to sue and be sued in its own name, and it expressly, this is in 86-2013, the statute expressly makes LLCs, quote, distinct, unquote, from their, quote, members and managers, unquote. But critically, critically, your honors, it does not make them distinct or separate from their series. So the master is expressly made distinct from those who created it, but it is not made distinct from those that it creates, the series. Now, Nevada's series LLC statute doesn't make series distinct from the master LLC either, nor does it otherwise preclude plaintiffs from suing the master in lieu of the series. Let me ask you a practical question. Putting this case to one side and what you've done already, let's just imagine that you're contemplating filing a lawsuit against a master LLC and the series LLC. We've got an organization such as we have here. How hard is it for you as the plaintiff to name as defendants all the series LLCs? Well, it might be straightforward, but it might also be very difficult because the document by which the series are created is not a public document. The only thing that gets filed with the Secretary of the State are documents that confirm that the master was created. There is nothing on the Secretary of the State's website that identifies any of the series under Satakoi Bay, let alone tells us which of those may have been opted in to be able to permissibly sue and be sued, and which may not. And I understand that's- But that's true in virtually any of these cases where you're suing an LLC. You don't have public documentation that's been required to be filed. So you either have some information that may permit you to go there, but you may actually need discovery after filing suit to determine who is the correct party, correct? If you're looking at suing upstream in a corporate or LLC statute, that may be true. But remember, Mr. Croteau's point is that these are legally separate entities. I'm not aware of any other scenario where someone can say there's a legally separate entity created under my business structure, part of my business structure, yet there's no documentation of it anywhere on the public filings. There's nothing on the Nevada Secretary of State website, nothing anywhere else. And the statute really does not contemplate making these series separate legal entities. Can I ask you, does the master LLC require filings of articles of incorporation? I believe it does, although they're not available on the Secretary of State website. Am I correct in understanding? I didn't mean to interrupt you, but am I correct in understanding that as to the separate LLCs, they're not necessarily required to have separate articles of incorporation? They can come within the umbrella of the master LLC's articles of incorporation. Is that correct? Correct, and that's a very important point that Your Honor touches on. LLC series are not like corporate subsidiaries that can have a relationship to the parent corporation, but can be sold out. They can become separate. They are separate legal entities. They are not tethered to the parent corporation. A series LLC is tethered from cradle to grave all the way through its lifetime to the master LLC. A series cannot be created independently. It can only be formed under the articles of organization of the master. That's 86-161. It cannot, therefore, dissociate. As we talked about, while the series is upright and walking, it has to share a registered agent for purposes of service with the master. And at the grave, the series is bound by the organic documents of the master LLC, including any terms mandating when the series must be wound up. That's 86-491-2A and B. So cradle to grave, the series must be associated with the master LLC. That's a crucial difference from the kind of analogies that we heard from Mr. Patel, like analogies to corporations. There's another important distinction between master LLCs and series and the kind of corporate structures that we're talking about. Nevada's statute on corporations, which is 78.060, states that corporations are entitled to sue and be sued in their own name. Not that they may, but they are granted an unconditional right. Exactly what Mr. Patel says, he thinks series LLCs should be entitled to here. But what's the practical effect if you have a series, you don't go to the master, but you have a series LLC, you know the name of it, so you sue it because according to .281, it may be sued, complain, and defend in its own name. Are you with me so far? That would be a legitimate suit, correct? It would be, and the statute is clear about that now. I just want to remind the court. Well, no, that's where we are now. So now we've sued a series LLC in its own name, and now it may defend, et cetera. But when we get to the end of the day, and if you're the plaintiff, and you've sued the series LLC, and now you get a judgment against it, is it your position that it can't be a judgment against the series because it has no legal status in and of itself, and you can't collect against it, and you must collect against the master? No, Your Honor. But I think Your Honor is correct to have suggested in questioning to Mr. Pateau that those are issues that come at the end of the lawsuit. This lawsuit has none of that cross-subsidization. No, no, I'm just, but I'm asking you, leaving aside your client, if you've sued a separate series, and it defends, you're able to sue, and it's able to defend, but we get to the end of the day, and you win. And against whom is your judgment at that point? The judgment would be against the party we sued, so it would be against the series. It would be levying only on the series. Against the series. And then, but if the series, but your position is that the series has no independent legal status, is that correct? Correct, Your Honor. It's a little bit like how it used to be with partners and partnerships before that was governed by statute. You could sue the partners, and initially, an early step was you could sue the partnership, and you'd have to sort of see if you could get, if you could satisfy the judgment against the entity you sued. Sort of similar to principal-agent relationships. One claim, you can sue the principal, or you can sue the agent on the principal's behalf. It's not unusual in the law for a plaintiff to have a choice of entities to sue the same claim because of some relationship that makes these entities not fully separate, and that's exactly what we've got here. When Nevada wants to make separate and distinct legal entities, it knows exactly how to do that. It did that in the Nevada Limited Liability Partnership. That's 87-4331, says a partnership, an LLP, may sue and be sued in the name of the partnership. 87-4321 says a partnership is an entity distinct from its partners. Nevada's limited partnership, so that's like the professional, the doctor and lawyer, LP, a statute. 87-A-160, a limited partnership has the power to sue, be sued, and defend in its own name. 87-A-155, a limited partnership is an entity distinct from its partners. You know, one of the problems we've got with this case is that there are a lot of questions that we have about how this statute or this series of statutory provisions work together, and we can think about analogies, we can think about how it ought to work, but it's not clearly specified in the statute. So, for example, it's not clearly specified in the statute that the master LLC has an obligation to defend the interests of the series LLCs underneath the master. There's been a suggestion that we certify this question to the Nevada Supreme Court, and your response has been, well, we don't need to certify, number one, because the answer's easy, that may or may not be true, and number two, because it will delay things and that will allow your adversaries to keep their ill-gotten gains during the period necessary to get the answer. Can you respond to a suggestion that we certify? I can, Your Honor, and I think you've summarized it accurately. I really don't think it's necessary because I think that if Nevada had intended to make series separate and distinct legal entities from the master that created them, the way it did with LLPs, the way it did with LPs, the way it did with something called a business trust, the way it did with other entities, it knew how to do that, and that was already a term of other states' series LLC statutes, and it was a term of the Uniform Protected Series Act, which was proposed right when Nevada was amending its series LLC statute. I've got a practical question for you, and that is, if it turns out that these series LLCs have improperly obtained these properties, they've obtained them dirt cheap, they're collecting rents or profits or otherwise making money off them during the period, why is the necessary answer that when justice is finally done, justice as you would view it, they get to keep all their ill-gotten gains? Why do they get to keep it? So that goes to the merits of the case, and it really affects- Well, it goes to the merits, not just to the merits as to whether or not it was proper, but the question is, what happens to the money that's taken from the properties in the intervening period? You said they get to keep it. Why is that so? Because they've held title. What our clients have is a lien interest against the property that is effectively unenforceable until we get clarity that the lien survived this homeowner's association foreclosure. So no one disputes that Mr. Coteau's client holds title to the properties, and as title holder, it reaps the economic benefits. It just shouldn't be the title holder because our lien should be enforceable, and we would either be able to foreclose upon it- But it sounds as though you're conceding that even though they are holding the title improperly, at least in your view, they get to keep the money until you're finally able to divest them of the title that they have wrongfully held. Okay. I want to be very cautious. I see I'm over my time. I will answer the question if the court will- Please. I want to be very careful and precise about my answer. Mr. Coteau's clients are not holding title improperly. They took title as purchasers in a homeowner's association sale. They got title. Their title is encumbered by our lien. They deny that, and they're incorrect to deny it, and Berezovsky and dozens of other cases confirm that they're incorrect to deny that, but what we've got is a lien on the property, and we need to be able to enforce that, and to do that, we need a judgment that our liens survive the HOA foreclosures. Your Honors. Thank you. I think we now understand your position. Thank you. Mr. Coteau, you have some time for rebuttal. Thank you very much, Your Honors. A few things. Counsel speaks as if the Chapter 86 is a separate statute from our limited liability company statute in the state of Nevada. All of the provisions in NRS 86, which governs limited liability companies, applies to the series as well. The series is simply the may, if you will, Your Honors. If a properly recorded article of organization under the state of Nevada, they elect the opportunity to organize as a series, and they elect that opportunity, they may, and there's the permissive, they may set up separate legal entities under the ombud of that LLC agreement. The other rights, obligations, duties that generally apply to limited liability companies contained in NRS 86 apply to the series equally as they do apply to the LLC that operates as the, I won't say the parent, but the master LLC that they're formed under. And the laws are similar and distinct, and they apply. The resident agent statute, Your Honor mentioned, it has absolutely no mention of any kind of representation. There is no provision in the statute that the LLC series have to be represented by the master. There's no duty to do any of that. The difficulty in this case, the problem before the court is this. We're talking about a law that is gonna have ramifications because you're making decisions on NRS 86 as it relates to series and whether or not they're defensible but the real problem is there's a judgment from the district court that has umbrellaed all of the series. So if the statute is disregarded as it relates to separate entities, the district court's order stands and all of the entities that effectively were not represented basically, because Satequoia Bay was the only party that was sued, is affected and the judgment goes across all of the various series of all the 33 properties that are still in the case because four should have been out, one is definitely owned by Satequoia Bay, we don't dispute that, we have no issue with that at all. But the judgment as it stands goes across all of the 33 other properties that are in distinct series that are exempt and should not be subject to this, they were not sued. Mr. Johnson's client, FHFA, has sued my client numerous times and I don't even wanna give a number, probably 20 or better times where the series was named individually, not by naming Satequoia Bay LLC. All the properties are titled in the name of their various series by deed. So this is not difficult to assess the party to be sued. There is no difficulty, Ms. Weber, I apologize. No, no, I think that we get a lot of very interesting cases from Nevada, let me just say, and I will add this to the collection. So I wanna thank both parties for your argument this morning. Federal Housing Finance versus Satequoia Bay is submitted.  Thank you, Your Honors.
judges: McKEOWN, FLETCHER, Bennett